INDUSTRIAL RAILWAY & LOCOMOTIVE WORKS, Inc., et al. v. CAGNEY BROS. et al.

District Court, D. New Jersey.
Dec. 2, 1932.

Harry C. Bierman, of New York City, and Samuel B. Feld, of Passaic, N. J., for plaintiffs.

J. W. Ockford, of New York City, for defendants.

Samuel Spingarn, of Union City, N. J., for Ernest Vahle, Jr.

FAKE, District Judge.

Under the bill filed herein, plaintiffs seek relief in three separate causes of action; patent infringement, copyright infringement, and unfair competition. They will be dealt with separately in this memorandum.

■ The patent in issue was granted to Bester, November 4, 1930, and is numbered 1,780,-516. It contains nine claims which are substantially stated in the ninth claim as follows: "9. A locomotive comprising a frame, three sets of driving wheels held therein, an internal combustion engine placed above the forward set of wheels, the drive shaft thereof extending rearwardly, a worm on said shaft, a gear wheel mounted on the axle of the rear driving wheels and meshing with said worm, a flexible joint on said shaft located just forward of said rear driving wheels, a transmission casing located above the centre driving wheels, and a boiler shell enclosing said engine, casing, joint and worm."

Upon analysis, it appears that all of the elements involved in the claims are old and the validity of the patent is dependent upon the newness or novelty of the combination. The basic idea is the installation of gasoline motor power for the propulsion of a miniature imitation of a steam railroad locomotive of the twelve-wheel or Pacific type.

The defense contends that the claims cover nothing more than the application of ordinary mechanical skill. In dealing with this phase of the patent law, Mr. Justice Bradley, in Atlantic Works v. Brady, 107 U. S. 199, 2 S. Ct. 225, 231, 27 L. Ed. 438, said: "The design of the patent laws is to reward those who make some substantial discovery or invention, which adds to our knowledge and makes a step in advance in the useful arts. Such inventors are worthy of all favor. It was never the object of those laws to grant a monopoly for every trifling device, every shadow of a shade of an idea, which would naturally and spontaneously occur to any skilled mechanic or operator in the ordinary progress of manufactures."

Reading the claims in this patent in the light of the diagram, the specifications, the exhibits, and the testimony, one can find nothing that would not occur to a mechanic possessed of ordinary skill. Each element in the transmission of the power to the use intended naturally fell into their respective places in the scheme. The basic idea, to wit, gasoline motor power applied to miniature railroad operation, was not new, nor was the attempt to imitate the appearance of the steam locomotive new in that field. See Exhibit P–30. The fact that the imitation by Bester may be better in appearance than the imitation shown in P–30 is not sufficient to overcome the contention that mere skill is involved.

The patent is void for the reasons above stated.

■ II. Plaintiffs allege copyright infringement because the defendants used certain advertising matter containing cuts made from photographs or other cuts covered by copyrights granted to Bester.

At the time the copyrights were allowed and for several years prior thereto, a contract existed between the parties under the terms of which Bester agreed that the "product" covered by his patent would be advertised in sales literature to be issued by defendant under the name "Cagney Brothers Miniature Railroad Company." It appears that the copyrights are cuts of that product, and therefore plaintiffs cannot complain of their use by defendant in graphically advertising the same, nor can they complain of the use of the word "miniature" in connection with such advertising.

I therefore find in favor of the defendant on this issue.

■ III. Plaintiffs seek relief for alleged unfair competition, charging the defendant with selling equipment manufactured by others than plaintiff under misleading advertising matter.

The contract between the parties made in the year 1926 expressly provides that the plaintiff will manufacture miniature railroad equipment to be sold by defendants as exclusive agents. The evidence shows that plaintiff was unable to manufacture in conformity with the agreement because he could not finance the same, whereupon defendant sought the services of other manufacturers. There is nothing to show that the public has been misled by reason of the advertising matter used by defendant, or by his overtures in the trade. If plaintiff is injured it is because he has breached his contract.

I therefore find in favor of the defendant on this issue.